IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PRONSCHINSKE TRUST
DATED MARCH 21, 1995,

                        Plaintiff,

v.

KAW VALLEY COMPANIES, INC. and
KC PROPERTIES, LLC,

                        Defendants.

ORDER

16-cv-640-slc

---

        On September 19, 2016, defendants Kaw Valley Companies, Inc. and KC Properties, LLC filed a notice of removal in this civil diversity action for breach of contract that plaintiff Pronschinske Trust Dated March 21, 1995 (Trust) commenced in the Circuit Court for Trempealeau County, Wisconsin. Dkt. 1. The first question in any lawsuit is whether the court has subject matter jurisdiction, and the court has an independent obligation to ensure that it exists. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 501 (2006); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010). As the party seeking to invoke federal diversity jurisdiction, defendants bear the burden of demonstrating that the requirement for complete diversity in 28 U.S.C. § 1332(a)(1) is met. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). *See also McCready v. EBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (no plaintiff may be a citizen of the same state as any defendant). A review of the notice of removal reveals that defendants' allegations regarding citizenship for the parties are inadequate in two respects.

        First, defendants allege only that the Trust was created in the state of Wisconsin. However, the citizenship of a trust is the citizenship of its trustee. *Guar. Nat. Title Co. v. J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir. 1996). Although the state court complaint identifies Ivan and Beverly Pronschinske as the trustees of the Pronschinske Trust, it does not allege their citizenship. Dkt. 1, exh. A. Second, defendants allege that KC Properties is a Kansas Corporation with its principal place

of business in Kansas City. However, the citizenship of a limited liability company is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"). Neither the state court complaint nor the notice of removal identifies the members of KC Properties. Without the above information, the court cannot determine whether the parties are diverse.

Therefore, IT IS ORDERED that defendants (who have the burden in this case) have until November 28, 2016 to submit verification of the citizenship of the trustees and each of the members of KC Properties (an affidavit would do). In complying with this order, defendants should keep in mind that for the purpose of diversity jurisdiction, the citizenship and not the residency of a party is what matters for diversity jurisdiction purposes. *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008); *Meyerson v. Harrah's East Chicago Casino*, 299 F .3d 616, 617 (7th Cir. 2002). An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which [he] has the intention of returning whenever he is absent therefrom." Charles Alan Wright, *Law of Federal Courts* 161 (5th ed. 1994); *see also Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

Entered this 10th day of November, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2